UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
MAR 24 2014

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| JESUS FABEL DIAZ-PELLEGAUD, | * | CIV. 13-4043 |
| Petitioner, | * | |
| vs. | * | ORDER |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Petitioner Jesus Fabel Diaz-Pellegaud, a federal inmate currently incarcerated at the Federal Correctional Institution in Estill, South Carolina, has filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. The Magistrate Judge issued a Report and Recommendation recommending that the Motion to Vacate be denied with prejudice. The Petitioner has filed Objections to the Report and Recommendation. After conducting an independent review of the record, the Court agrees with the Magistrate Judge.

Petitioner claims ineffective assistance of counsel for counsel concluding that a motion to suppress would be without merit. This Court previously adopted a Report and Recommendation that the stop was a legal stop under applicable law. That suppression motion was brought by co-Defendant Ramirez. See CR 09-40029-LLP, Doc. 871 and Doc. 951. Upon re-review of this issue, this Court again concludes that the stop was a legal stop and that the conclusion of Petitioner's experienced criminal lawyer to not separately challenge the stop was not ineffective assistance of counsel. In addition, contrary to Petitioner's claim that the evidence from the stop "made up the bulk of the case against him." (page 4 of Petitioner's Objections to Magistrate Judge Simko's Report and Recommendation), in fact the other evidence including the testimony of co-conspirators was far more incriminating than the marijuana in the pickup at the stop. The evidence from other than the stop was

overwhelming. There is no reasonable probability of a different result from a jury if the stop evidence had been excluded.

Further, Petitioner's lawyer objected to the leadership enhancement. On the basis of the evidence at trial, this Court applied the four level enhancement despite the objection. The enhancement was warranted, even without the evidence from the pickup stop. The enhancement was warranted, not only from the number of persons involved in this criminal undertaking, but also because of the clear leadership role Petitioner played throughout the conspiracy or each conspiracy if considered separately. The testimony of the co-conspirators was consistent and convincing.

At page 10 of Petitioner's Objections, Petitioner claims that Judge Simko misunderstood Petitioner's claim regarding ineffective assistance for counsel's failure to appeal the four level leadership enhancement that was imposed. Given the evidence as viewed by this Court and by the Eighth Circuit Court of Appeals in *United States v. Diaz-Pellegaud*, 666 F.3d 492, 499 (8th Cir. 2012) there is no likelihood that such an appeal would have succeeded.

The Court does note that there was a record to make such an appeal as counsel did object to the four level leadership enhancement. The lack of any merit to such an appeal precludes this Court from finding any ineffective assistance of counsel for the failure to file such an appeal.

Finally, Petitioner has raised no genuine issue of material fact in any of this claims. As a result, there is no basis for holding an evidentiary hearing. Accordingly,

IT IS ORDERED:

1. There is no basis for holding an evidentiary hearing and that request is denied.

2. That the Petitioner's Objections (Doc. 38) are DENIED, and the Magistrate Judge's Report and Recommendation (Doc. 37) is ADOPTED.

3. That Governments' Motion to Dismiss (Doc. 21) is GRANTED.

4. That Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is DENIED with prejudice.

5.      That Petitioner's Motions for Immediate Release (Doc. 33) and Motion to Expedite Immediate Release (Doc. 34) are DENIED as moot.

6.      That a Certificate of Appealability shall not issue.

Dated this 24th day of March, 2014.

BY THE COURT:

*[signature]*

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

By: *[signature]*
Deputy