FILED
SEP 25 2015

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| JESUS FABEL DIAZ-PELLEGUAD, | \* | CIV 13-4043 |
| | \* | CR 09-40029-23 |
| Movant, | \* | |
| | \* | |
| -vs- | \* | MEMORANDUM OPINION |
| | \* | AND ORDER DENYING |
| UNITED STATES OF AMERICA, | \* | RULE 60(b) MOTION |
| | \* | |
| Respondent. | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Jesus Fabel Diaz-Pelleguad ("Diaz-Pelleguad") filed a pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1). In that motion, Diaz-Pelleguad alleged ineffective assistance of his trial counsel. On March 24, 2014, this Court adopted the Magistrate's Report and Recommendation and denied the motion to vacate with prejudice. (Doc. 39.) Later, the Eighth Circuit dismissed Diaz-Pelleguad's appeal after denying his request for a certificate of appealability. (Doc. 46.) Diaz-Pelleguad now asks the Court to allow him to reopen and reargue his § 2255 habeas motion under Federal Rule of Civil Procedure 60(b). (Doc. 48.) For the reasons stated below, the Rule 60(b) motion will be denied.

## BACKGROUND

Diaz-Pelleguad was indicted in three counts of a six count indictment for: (1) conspiracy to distribute methamphetamine; (2) conspiracy to distribute marijuana and; (3) conspiracy to conduct a financial transaction to conceal the proceeds and promote unlawful distribution of controlled substances. In August, 2010, Diaz-Pelleguad was tried and convicted by a jury with four of his co-defendants. The remaining twenty-one co-defendants entered into pre-trial plea agreements.

On December 13, 2010, Diaz-Pelleguad was sentenced to 360 months imprisonment each on Counts 1 and 2, and 240 months on Count 3, with the terms of imprisonment to run concurrently. He filed a direct appeal challenging the sufficiency of the evidence to sustain his convictions on all three counts. On January 25, 2012, the Eighth Circuit affirmed Diaz-Pelleguad's convictions and

sentence. *See United States v. Diaz-Pelleguad*, 666 F.3d 492 (8th Cir. 2012). Next, Diaz-Pelleguad filed a § 2255 motion to vacate, raising three ineffective assistance of trial counsel claims: (1) failure to investigate the Idaho traffic stop and move to suppress evidence obtained as a result of the stop; (2) failure to object at sentencing to the leadership role and dangerous weapon enhancements; and (3) failure to appeal the thirty year sentence imposed. After his § 2255 motion was denied and he unsuccessfully appealed to the Eighth Circuit, Diaz-Pelleguad filed the pending Rule 60(b) motion.

Pursuant to Rule 60(b), Diaz-Pelleguad wants to bring the following two new ineffective assistance of counsel claims: (1) failure to safeguard his right to appellate review by failing to notice that the jury instructions are not included verbatim in the trial transcript, and (2) failure to ensure the interpreter was certified and qualified to translate from English to Spanish so that Diaz-Pelleguad could understand how the jury was instructed.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), restricts filing second or successive habeas applications in order to serve the AEDPA's goals of finality and prompt adjudication. *See Crawford v. Minnesota*, 698 F.3d 1086, 1090 (8th Cir. 2012). "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also* 28 U.S.C. § 2255(h). A petitioner's failure to seek authorization from an appellate court before filing a second or successive habeas petition acts as a jurisdictional bar. *See Burton v. Stewart*, 549 U.S. 147 (2007).

When a motion filed pursuant to § 2255 has been denied and the prisoner files a Rule 60(b) motion, the district court must first determine whether the Rule 60(b) motion in fact amounts to a second or successive collateral attack under § 2255. *See Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). If the Rule 60(b) motion is actually a second or successive collateral attack, the district court must dismiss the motion for failure to obtain authorization from the court of appeals or, in its discretion, transfer the motion to the court of appeals. *Id.*

In *Gonzalez v. Crosby*, the Supreme Court addressed when a federal court should construe a petitioner's motion for relief from judgment pursuant to Rule 60(b) as a second or successive petition under AEDPA.[1] 545 U.S. 524, 526 (2005). The Court began its analysis by stating that "it is clear that for purposes of § 2244(b) an 'application' for habeas relief is a filing that contains one or more 'claims.'" *Id.* at 530 (citations omitted). The Court acknowledged that "[i]n some instances, a Rule 60(b) motion will contain one or more 'claims,'" and held that "[a] habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a habeas corpus application, at least similar enough that failing to subject it to the same requirements would be inconsistent with the statute." *Id.* at 530–31 (internal quotations and citation omitted).

After noting that "[u]sing Rule 60(b) to present new claims for relief from a state court's judgment of conviction--even claims couched in the language of a true Rule 60(b) motion-- circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts," the Court provided guidance as to when a Rule 60(b) motion advances one or more "claims." *Id.* at 531–32 (internal citations omitted). The Court stated that "[a] motion that seeks to add a new ground for relief" advances a claim, as does a motion that "attacks the federal court's previous resolution of a claim on the merits, ... since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* at 532. No claim is presented, however, "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," and courts should not construe such a motion as a second or successive petition. *See id.* The Court explained that "an attack based on the movant's own conduct, or his habeas counsel's omissions ... ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Id.* at n. 5. *See also Ward v.*

---

[1] Although *Gonzalez* considered "only the extent to which Rule 60(b) applies to habeas proceedings under 28 U.S.C. § 2254," *id.* at 530 n. 3, the Eighth Circuit has applied the *Gonzalez* rationale in habeas cases filed under 28 U.S.C. § 2255. *See United States v. Washington*, 211 Fed.Appx. 550, 550 (8th Cir. 2007) (per curiam) (unpublished).

3

*Norris*, 577 F.3d 925, 933-35 (8th Cir. 2009) (following *Gonzales* in holding that a Rule 60(b) motion based on previous habeas counsel's ineffective assistance is a second or successive habeas petition).

Diaz-Pelleguad's Rule 60(b) motion seeks to re-open his § 2255 proceedings in order to assert two new ineffective assistance of counsel claims which he says were overlooked in his §2255 motion to vacate because he was not represented by a lawyer.[2] Everything in the Rule 60(b) motion was discoverable to Diaz-Pelleguad at the time he filed his § 2255 motion. He had access to the same transcripts at the time of the first filing. Diaz-Pelleguad's Rule 60(b) motion is in reality a successive motion under § 2255 because the two new ineffective assistance allegations attack the substance of the Court's prior resolution of a claim on the merits as opposed to a defect in the integrity of the federal habeas proceedings. *See Ward*, 577 F.3d at 932. As such, pre-filing authorization is required from the Eighth Circuit before this Court may address the merits of Diaz-Pelleguad's motion.

Diaz-Pelleguad attempts to avoid this conclusion by arguing that the Supreme Court's recognition of an exception to the procedural default rule in § 2254 habeas cases could justify reopening his case under Rule 60(b)(6). In *Martinez v. Ryan*, --- U.S. ---, 132 S.Ct. 1309 (2012), a state prisoner filed a § 2254 habeas raising claims of ineffective assistance of trial counsel. Because those claims had been denied in state court based on a state procedural rule (the prisoner and his lawyer failed to raise them in a previous collateral proceeding), federal court review of their merits normally would have been precluded by the doctrine of procedural default.[3] *Martinez*, 132 S.Ct. at

---

[2] There is no constitutional or statutory right to counsel in habeas proceedings. *See Morris v. Dormire*, 217 F.3d 556, 558 (8th Cir. 2000); *see also* 18 U.S.C. § 3006A(a)(2)(B) ("[w]henever...the court determines that the interests of justice so require, representation *may* be provided" in a § 2255 proceeding) (emphasis added).

[3] In *Coleman v. Thompson*, 501 U.S. 722 (1991), after the prisoner's § 2254 habeas petition was denied, his lawyer waited 33 days after entry of the judgment to file the notice of appeal, which was due, under the state-court rules, 30 days after entry of the judgment. *Id.* at 727. The state supreme court dismissed the appeal because the notice was untimely. *Id.* at 727–28. The United States Supreme Court held that the error by the prisoner's lawyer did not constitute cause to excuse

1316. The Supreme Court created an exception to its decision in *Coleman* so that a federal court may review a state prisoner's defaulted ineffective assistance of counsel claims:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 1320.[4] In order for this Court to exercise jurisdiction over the claims in Diaz-Pelleguad's Rule 60(b) motion, he will need to convince the Eighth Circuit to apply the *Martinez* exception to the rule against filing a second § 2255 motion. Accordingly,

> IT IS ORDERED that the Motion for Discretionary Relief pursuant to Rule 60(b), doc. 48, is dismissed for failure to obtain preauthorization from the Eighth Circuit.

Dated this 25th day of September, 2015.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
   (SEAL)        DEPUTY

---

the procedural default. *Id.* at 752.

[4] Diaz-Pelleguad also cites *Trevino v. Thaler*,--- U.S.---, 133 S.Ct. 1911 (2013). There, the Supreme Court expanded the holding in *Martinez* to cases in which the state procedures, by reason of their design and operation, make it "highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal." *Trevino*, 133 S.Ct. at 1921.